UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
AT LONDON

| | | |
|---|---|---|
| EMMANUEL RODRIGUEZ, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 14-109-DLB |
| | ) | |
| v. | ) | |
| | ) | |
| SANDRA BUTLER, *Warden*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Respondent. | ) | |
| | ) | |

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Emmanuel Rodriguez is an inmate confined by the Bureau of Prisons ("BOP") in the Federal Correctional Institution-Manchester located in Manchester, Kentucky. Proceeding without counsel, Rodriguez has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1], challenging the 360-month federal sentence which he is currently serving. Rodriguez has paid the $5.00 filing fee. [R. 6]

The Court conducts an initial review of habeas corpus petitions. 28 U.S.C. § 2243; *Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court must deny the petition "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts (applicable to § 2241 petitions under Rule 1(b)). The Court evaluates Rodriguez's petition under a more lenient standard because he is not represented by an attorney, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Burton v. Jones*, 321 F.3d 569,

573 (6th Cir. 2003). The Court also accepts his factual allegations as true and construes his legal claims in his favor. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).

As explained below, the Court will deny Rodriguez's habeas petition because the claims which he asserts cannot be pursued under 28 U.S.C. § 2241.

## LITIGATION HISTORY

In April 2006, a federal jury in Missouri convicted Rodriguez of conspiracy to distribute more than 500 grams of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A), and 846. *See United States v. Emmanuel Rodriguez, et al.*, No. 3:04-CR-05033-RED-2 (W.D. Mo. 2004). On September 1, 2006, the district court sentenced Rodriguez to a 360-month prison term and to a 5-year term of supervised release. The district court concluded that based on the testimony of various witnesses and co-conspirators, and other evidence presented at trial, Rodriguez either knew, or reasonably should have known, that the drug conspiracy involved at least five kilograms, but less than fifteen kilograms, of methamphetamine. The district court enhanced Rodriguez's sentence under various provisions of the federal sentencing guidelines, finding that he had been a leader, organizer, or manager of the conspiracy, and that he had used a firearm during the commission of a drug trafficking offense. Rodriguez appealed his conviction and enhanced sentence, but both were affirmed. *United States v. Rodriguez*, 484 F.3d 1006 (8th Cir. 2007).

On September 30, 2008, Rodriguez filed a motion to set aside his conviction and to vacate his sentence under § 2255. *Emmanuel Rodriguez v. United States*, No. 3:08-CV-

05101-RED (W.D. Mo. 2008) [R. 1, therein][1] On February 17, 2009, district court denied Rodriguez's § 2255 motion, finding that none of his Sixth Amendment ineffective assistance of counsel claims had merit. [R. 11, therein] Rodriguez appealed the denial of his § 2255 motion, but the Eighth Circuit Court of Appeals denied him a certificate of appealability. [*Id*., R. 20, therein; *see also Rodriguez v. United States*, No. 09-1966 (8th Cir. Nov. 24, 2009)] The mandate issued on January 29, 2010. [*Id*., R. 21, therein]

## CLAIMS ASSERTED IN THE § 2241 PETITION

Rodriguez alleges that the district court improperly enhanced his sentence under the federal sentencing guidelines, and in doing so, determined facts as to drug quantity that should have been determined by a jury. Rodriguez alleges that the enhancement of his sentence violates his right to due process of law, guaranteed by the Fifth Amendment of the U.S. Constitution, and his right to have a jury determine any facts that increase the term of his sentence, guaranteed by the Sixth Amendment of the U.S. Constitution.

In support of this argument, Rodriguez cites the United States Supreme Court's decision in *Alleyne v. United States*, 133 S. Ct. 2151 (2013). In *Alleyne*, the Supreme Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Id*. at 2155. Rodriguez

---

[1] Rodriguez's § 2255 motion was also simultaneously docketed in his criminal proceeding as entry No. 402. In his § 2255 motion, Rodriguez argued that his trial counsel had been constitutionally ineffective under the Sixth Amendment for failing to: (1) request information from the government about his confession, (2) object to testimony regarding the confession at trial, (3) move to suppress testimony regarding the confession, (4) adequately cross-examine the officer testifying about the confession, and (5) offer mitigating evidence or argue for a lower sentence at the sentencing hearing.

contends that because *Alleyne* applies retroactively and affords his relief from his sentence, that this Court should vacate his sentence pursuant to 28 U.S.C. § 2241.

## DISCUSSION

As a general rule, 28 U.S.C. § 2255 provides the correct avenue to challenge a federal conviction or sentence, whereas a federal prisoner may file a § 2241 petition if he is challenging the execution of his sentence (*i.e.*, the BOP's calculation of sentence credits or other issues affecting the length of his sentence). *See United States v. Peterman*, 249 F.3d 458, 461 (6th Cir. 2001); *see also Charles Chandler*, 180 F.3d 753, 755–56 (6th Cir. 1999). The Sixth Circuit has explained the difference between the two statutes as follows:

> [C]ourts have uniformly held that claims asserted by federal prisoners that seek to challenge their convictions or imposition of their sentence shall be filed in the [jurisdiction of the] sentencing court under 28 U.S.C. § 2255, and that claims seeking to challenge the execution or manner in which the sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241.

*Terrell v. United States*, 564 F.3d 442, 447 (6th Cir.2009) (internal quotation marks omitted).

In short, 28 U.S.C. § 2255 provides the primary avenue for federal prisoners seeking relief from an unlawful conviction or sentence, not § 2241. *See Capaldi v. Pontesso*, 135 F.3d 1122, 1123 (6th Cir. 2003). Here, Rodriguez is not challenging the execution of his sentence, such as the computation of sentence credits or parole eligibility, issues which fall under the ambit of § 2241. Instead, Rodriguez contends that based on the holding in *Alleyne*, his 360-month sentence violates both his right to due process of law and his right to a trial by jury as to any element that would increase his sentence. Rodriguez is thus challenging the constitutionality of his sentences on Fifth and Sixth Amendment grounds, under § 2241 by

way of the "savings clause" of § 2255(e). However, § 2241 is not the proper mechanism for making these claims.

A federal prisoner may challenge the legality of his detention under § 2241 only if his remedy under § 2255(e) is found to be inadequate or ineffective. *Wooten v. Cauley*, 677 F.3d 303, 306-07 (6th Cir. 2012); *Charles*, 180 F.3d at 756. This exception does not apply where a prisoner fails to seize an earlier opportunity to correct a fundamental defect in his or her convictions under pre-existing law, or actually asserted a claim in a prior post-conviction motion under § 2255 but was denied relief. *Charles*, 180 F.3d at 756. Further, a prisoner proceeding under § 2241 can implicate the savings clause of § 2255 if he alleges "actual innocence," *Bannerman v. Snyder*, 325 F.3d 722, 724 (6th Cir. 2003), and a petitioner may only pursue a claim of actual innocence under § 2241 when that claim is "based upon a new rule of law made retroactive by a Supreme Court case." *Townsend v. Davis*, 83 F. App'x 728, 729 (6th Cir. 2003). "It is the petitioner's burden to establish that his remedy under § 2255 is inadequate or ineffective." *Charles*, 180 F.3d at 756.

Rodriguez contends that his § 2255 motion was inadequate or ineffective because *Alleyne*, decided after his § 2255 motion was denied, supports his argument that the district court improperly enhanced his sentence. Rodriguez argues that he had a constitutional right to have all elements used to increase his penalty charged in the indictment and proven beyond a reasonable doubt to the jury. If Rodriguez were currently arguing that particular sentencing issue on direct appeal of his sentence, he could likely invoke *Alleyne* as support for his argument. Rodriguez, however, asserts this particular sentencing claim in a § 2241 petition, which is merely a *collateral* challenge to his sentences. Unfortunately for

5

Rodriguez, on June 24, 2014, the Sixth Circuit Court of Appeals recently joined numerous other appellate courts in holding that *Alleyne* does not apply retroactively to cases on collateral review. *See In re Mazzio*, 756 F.3d 487, 489-91 (6th Cir. 2014); *United States v. Winkelman*, 746 F.3d 134, 136 (3d Cir. 2014); *United States v. Rodriguez*, 741 F.3d 1245, 1250 n. 3 (11th Cir. 2014); *United States v. Redd*, 735 F.3d 88, 91–92 (2d Cir. 2013) (*per curiam*); *United States v. Stewart*, 540 F. App'x 171, 172 n.\* (4th Cir. 2013) (*per curiam*); *In re Payne*, 733 F.3d 1027, 1029 (10th Cir. 2013) (*per curiam*); *In re Kemper*, 735 F.3d 211, 212 (5th Cir. 2013) (*per curiam*); *Simpson v. United States*, 721 F.3d 875, 876 (7th Cir. 2013).

Further, Rodriguez does not allege that he is actually innocent of the underlying drug conspiracy offense of which he was convicted; he contends *only* that the district court improperly enhanced his sentence in violation of his due process rights and in violation of his right to a trial by jury on the issue of drug quantity. Even were this Court were able to assume that the district court improperly enhanced Rodriguez's sentence (which it is unable to assume), the savings clause may only be applied when the petitioner makes a claim of actual innocence. Claims of sentencing error do not qualify as "actual innocence" claims under § 2241. *See Bannerman v. Snyder*, 325 F.3d 722, 724 (2003); *Hayes v. Holland*, 473 F. App'x 501, 502 (6th Cir. 2012) ("Hayes does not assert that he is actually innocent of his federal offenses. Rather, he claims actual innocence of the career offender enhancement. The savings clause of section 2255(e) does not apply to sentencing claims"). Simply put, the savings clause of § 2255 extends only to petitioners asserting actual innocence claims as to their *convictions*, not their *sentences*. *Jones v. Castillo*, 489 F. App'x 864, 866 (6th Cir.

6

2012); *Mackey v. Berkebile*, No. 7:12-CV-10-KSF, 2012 WL 4433316 (E.D. Ky. Sept. 25, 2012), *aff'd*, No. 12-6202 (6th Cir. March 15, 2013) (holding that sentencing error claims do not qualify as claims of actual innocence under the savings clause).

In summary, Rodriguez has not established that his remedy under § 2255 was inadequate or ineffective to challenge his federal detention, nor has he alleged a valid claim of actual innocence which would afford him relief under § 2241. The Court will therefore deny Rodriguez's § 2241 habeas petition and dismiss this proceeding.

## CONCLUSION

Accordingly, **IT IS ORDERED** that:

1. Emmanuel Rodriguez's 28 U.S.C. § 2241 petition for a writ of habeas corpus [R. 1] is **DENIED**;

2. The Court will enter an appropriate judgment; and

3. This habeas proceeding is **DISMISSED** and **STRICKEN** from the Court's docket.

This 15th day of September, 2014.



G:\DATA\ORDERS\ProSe\Rodriguez 14-109-DLB Dismiss 2241 CKS.doc